**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WAYNE ROGERS,
    Plaintiff,

v.                                                 Case No. 3:21-CV-1710 (OAW)

JOANNE CUSSON, et al.,
    Defendants.

## RULING (DENYING MOTIONS TO COMPEL) AND ORDER

Self-represented plaintiff Wayne Rogers has filed two motions to compel. Rule 37 of the Federal Rules of Civil Procedure holds that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff includes no such statement with either motion, and Defendants state that Plaintiff has not attempted to resolve these matters in good faith before filing the motions.

In the first motion, Plaintiff seeks to compel Defendants to answer his requests for admission "fully and correctly ... as they are me[a]nt to be answered, either Admit or Deny." ECF No. 26 at 1. In response, Defendants contend that the requests were deficient, and they timely objected to the requests. Plaintiff disputes the sufficiency of the responses to his requests for admission. Federal Rule of Civil Procedure 36(a)(6) permits the requesting party to file a motion for the court to determine the sufficiency of an answer or objection. Plaintiff did not avail himself of this rule. Instead, he specifically filed his

1

motion pursuant to Rule 37(c).  Rule 37(c), however, is inapplicable in this case.  By its express language, Rule 37(c) may be invoked only if a party fails to admit what is requested, and the requesting party later proves the matter true.  Fed. R. Civ. P. 37(c)(2).  As Plaintiff has not proved as true the statements in his request for admission, he cannot invoke Rule 37(c).

Defendants correctly state that requests for admission may be directed only to one party.  *See* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party....").  Plaintiff's complaint does not suggest that the two defendants were always together.  For example, he alleges that only Nurse Bradley was present at intake.  *See* ECF No. 1 ¶ 5.  Thus, some of Plaintiff's requests may be pertinent to one defendant but not the other.
In addition, the request must be directed to facts of which the responding party would be aware, not to the awareness of the medical unit in general.  *See S.C. Johnson & Son, Inc. v. Henkel Corp.*, No. 3:19CV00805(AVC), 2020 WL 5640528, at *3 (D. Conn. Sept. 22, 2020) (noting that requests for admission must be simple and direct, not vague or ambiguous).  Finally, requests for admission are intended to "identify and eliminate matters on which the parties agree," not to "seek information as to fundamental disagreement at the heart of the lawsuit."  *Robinson v. De Niro*, No. 19-CV-9156(LJL)(KHP), 2022 WL 101909, at *2 (S.D.N.Y. Jan. 11, 2022).  Some of Plaintiff's requests (such as whether he was wearing a brace upon admission, whether he arrived at the facility from the hospital, and whether he had medical records with him at intake) seem to be matters over which there would be no dispute.  Other requests (such as what Plaintiff told medical staff, and the adequacy of the medical care provided) are matters

2

that clearly are disputed in this case and, thus, that are not the proper subject for a request for admission.  For these reasons, the first motion to compel is denied.

In the second motion, Plaintiff again seeks responses to his requests for admission.  That request is denied for the reasons stated above.  He also seeks "a minute amount of discovery documents under Federal Rule of Civil Procedure 56(d)(2) to reply to Defendants Rule 56 motion."  ECF No. 43 at 1.  The court notes that Plaintiff filed his motion to compel the day before he filed his opposition to Defendants' motion for summary judgment.  In the attachments to his motion to compel, Plaintiff references a state court transcript and photographs, both of which he filed with his opposition papers.  As Plaintiff responded to the motion for summary judgment without waiting for the court to rule on this motion, it appears that Plaintiff had acquired all the evidence he needed to prepare his response.  Thus, the second motion to compel also is denied as moot.

Finally, Defendants point out that (aside from the requests for admission) the discovery requests mentioned in the second motion to compel were served months after discovery closed, and several months after Defendants filed their summary judgment motion.  The discovery deadline in this case was extended to August 19, 2022.  Plaintiff filed this motion to compel on January 25, 2023.

A party must establish good cause to reopen discovery after the discovery period has closed.  *Gucci America, Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991)).  This good cause requirement also applies to motions to compel filed after the close of discovery.  *Id.*

Plaintiff shows no good cause to reopen discovery, or to file his motion to compel.[1]

Accordingly, Plaintiff's motions to compel [**ECF Nos. 26, 43**] are **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 1st day of December, 2023.

                                     /s/
                               Omar A. Williams
                               United States District Judge

---

[1] Plaintiff attached to the second motion to compel a document dated December 6, 2022, entitled, "Memorandum of Law for the Continuance to Gather Discovery Materials for Summary Judgment." ECF No. 43-2 at 7-10. Plaintiff never filed this document with the court. Nor did he indicate in his opposition to the motion for summary judgment that he was unable to respond to the motion because he lacked discovery materials. Further, the memorandum does not demonstrate good cause for failing to seek the referenced materials during the discovery period or, if the materials were requested and not produced, to file a timely motion to compel.